## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EISAI R&D MANAGEMENT CO., LTD<br>6-10, Koishikawa 4-Chome<br>Bunkyo-Ku, Japan<br><br>        Plaintiff,<br><br>        v.<br><br>HON. David J. Kappos<br>Under Secretary of Commerce for Intellectual<br>Property and Director of the United States<br>Patent and Trademark Office<br>Madison Building<br>600 Dulany Street<br>Alexandria, Virginia 22314 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No. _____ |

## COMPLAINT

Plaintiff Eisai R&D Management Co., Ltd. for its complaint against Defendant the Honorable David J. Kappos, state as follows:

1.    This is an action by the owners of United States Patent No. 7,563,811 ("the `811 patent") seeking review of inaccurate and erroneous Patent Term Adjustment ("PTA") calculations made by the United States Patent & Trademark Office ("USPTO"). Specifically, this is an action by Plaintiffs under 35 U.S.C. § 154(b)(4)(A) seeking a judgment that the patent term adjustment of 309 days calculated by the USPTO for the `811 patent should be corrected to 618 days.

2.     This action arises under 35 U.S.C. § 154 and the Administrative Procedure Act, 5 U.S.C. §§ 701-706.

## I.   THE PARTIES

3.     Plaintiff Eisai R&D Management Co., Ltd. is a company operating under the laws of Japan. Eisai R&D Management Co., Ltd. is located at 6-10, Koishikawa 4-Chome, Bunkyo-Ku, Japan.

4.     Defendant David J. Kappos is the Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. Defendant is sued in his official capacity.

## II.   JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action and is authorized to issue the requested relief to Plaintiff pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1361; 35 U.S.C. § 154(b)(4)(A) and 5 U.S.C. §§ 701-706.

6.     Venue is proper in this district pursuant to 35 U.S.C. § 154(b)(4)(A).

7.     This Complaint is being timely filed in accordance with 35 U.S.C. §154(b)(4)(A).

## III.   BACKGROUND

8.     The inventors of the '811 patent are Satoshi Nagato, Kohshi Ueno, Koki Kawano, Yoshihiko Norimine, Koichi Ito, Takahisa Hanada, Masataka Ueno, Hiroyuki Amino, Makoto Ogo, Shinji Hatakeyama, Yoshio Urawa, Hiroyuki

Naka, Anthony John Groom, Leanne Rivers, and Terence Smith.

9.    The '811 patent granted on July 21, 2009, based on patent application number 11/174,514, filed July 6, 2005. The '811 patent is attached hereto as Exhibit A.

10.   Plaintiff Eisai R&D Management Co., Ltd. is the assignee of the '811 patent, as evidenced by the Assignment recorded in the USPTO at Reel/Frame 019500/0673, and is the real party in interest in this case.

11.   When the USPTO issued the '811 patent on July 21, 2009, it erroneously calculated the entitled PTA for the '811 patent as 309 days. Had the USPTO calculated the entitled PTA properly, the '811 patent would be entitled to 618 days of PTA.

12.   The errors in the USPTO's PTA calculations are detailed in a recent order from the U.S. District Court for the District of Columbia in an action titled *Wyeth v. Dudas,* Civil Action No. 07-1492 (D.D.C. Sept. 30, 2008) where the Court granted summary judgment against the USPTO, holding that the USPTO's PTA calculation methodology was erroneous as a matter of law and inconsistent with the Patent Statute. The *Wyeth v. Dudas* opinion is attached as Exhibit B. This decision was appealed to the United States Court of Appeals for the Federal Circuit, which, on January 7, 2010, handed down a decision that the USPTO has been calculating PTA incorrectly in certain circumstances, ultimately affirming the District Court's original decision (Exhibit C).

13.     The correct PTA methodology identified in the prior *Wyeth v. Dudas* action
        governs the USPTO's calculation of PTA for Plaintiff's `811 patent.

IV.   COUNT I: U.S. PATENT NO. 7,563,811

14.     Plaintiff incorporates by reference the allegations in paragraphs 1-13 above, as
        if fully set forth herein.

15.     During prosecution of the `811 patent, the patent owners accrued 309 days of
        PTA under 35 USC § 154(b)(1)(A), and accrued 309 days of PTA under 35
        USC 154(b)(1)(B).

16.     Under the USPTO's interpretation of 35 USC § 154, all PTA accrued under 35
        U.S.C. § 154(b)(l)(A) and all PTA accrued under 35 USC § 154(b)(l)(B)
        inherently overlaps and, thus, it has been the USPTO position that a patent
        holder is only eligible for the larger of these two amounts of PTA. For the `811
        patent, the USPTO erroneously limited the PTA for the `811 patent to 309 days
        (*see* calculation in paragraph 19, below), as shown on the face of the `811
        patent.

17.     In view of a recent decision from this Court *(Wyeth v. Dudas,* Civil Action
        No. 071492 (JR)), all days on which 35 USC 154(b)(1)(A) or 35 USC
        154(b)(1)(B) apply should accrue PTA for the `811 patent.

18.     Under the interpretation of this Court *(Wyeth v. Dudas, Civil* Action No. 07-
        1492 (JR)), each day from the day after September 6, 2006 (14 months from
        the `811 patent application filing date) through to the grant date on July 21,

2009, qualifies for PTA under 35 U.S.C. § 154(b)(1)(A), (309 days), and each day from the day after July 6, 2008 (three years from the filing date) through to the grant date on July 21, 2009, qualifies for PTA under 35 U.S.C. § 154(b)(1)(B) (309 days) for a total of 618 days.

19.   Thus, the total PTA should be calculated as follows.

a. 309 days credit under 35 U.S.C.§154(b)(1)(A).

b. 380 days credit under 35 U.S.C.§154(b)(1)(B) – 71 days under 35 U.S.C.§(b)(1)(B) for delays by Applicant.

c. Thus, the total PTA is 309 days under 35 U.S.C.§154(b)(1)(A) + 35 U.S.C.§154(b)(1)(B) = 618 days.

20.   Under the USPTO's interpretation, the USPTO had calculated an erroneous PTA of 309 days.  On September 21, 2009, Plaintiff filed a Petition with the USPTO, formally requesting reconsideration of the USPTO's PTA calculation under 37 CFR 1.705(a).  As of January 14, 2010, the USPTO's online Patent Application Information Retrieval (PAIR) system shows no action by the USPTO on the Petition.

21.   The USPTO's grant of only 309 days of PTA for the '811 patent is arbitrary, capricious, and an abuse of discretion, or is otherwise not in accordance with law and in excess of statutory jurisdiction, authority or limitation.

22.   It is accordingly believed that the overall PTA accrued by the Plaintiff is **618 days**, and the patent holder accordingly requests **309 ADDITIONAL days** of PTA.

WHEREFORE, Plaintiffs respectfully pray that this Court:

A.      Issue an Order changing the period of PTA for the `811 patent term

from 309 days to 618 days and requiring Plaintiff to alter the terms of the `811 patent to

reflect the 618 days of actual PTA due the `811 patent.

B.      Grant such other and further relief as the nature of the case may admit

or require and as may be just and equitable.


Dated: January 15, 2010            Respectfully submitted,


                                   Quentin R. Corrie (DC Bar No. 224469)
                                   BIRCH, STEWART, KOLASCH & BIRCH, LLP
                                   8110 Gatehouse Road, Suite 100 East
                                   Falls Church, Virginia  22042
                                   Attorney for Plaintiff

                                   Of Counsel,
                                   John W. Bailey
                                   BIRCH, STEWART, KOLASCH & BIRCH, LLP
                                   8110 Gatehouse Road, Suite 100 East
                                   Falls Church, Virginia  22042
                                   Attorney for Plaintiff